

FILED
5/6/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED WITH (312) 483-9994 ("**SUBJECT PHONE 2**") AND (773) 574-9769 ("**SUBJECT PHONE 3**") IN THE CUSTODY OF T-MOBILE | Case Number: 22M375 <br><br> Hon. Jeffrey Cole <br><br> Magistrate Judge <br> _____ |

**UNDER SEAL**

**GOVERNMENT'S MOTION FOR NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b), DELAYED NOTICE UNDER 18 U.S.C. § 3101a(b), AND TO SEAL WARRANT AND RELATED DOCUMENTS**

The United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully requests that the Court issue an Order placing the Search Warrant, Application, and Affidavit (collectively, the "Search Warrant Materials") in this matter under seal for a period of 90 days. The United States further requests that the Court's Order: (1) command T-MOBILE ("PROVIDER") not to disclose the existence or content of the warrant to any person for a period of 90 days, pursuant to 18 U.S.C. § 2705(b), except that PROVIDER may disclose the warrant to an attorney for PROVIDER for the purpose of receiving legal advice; and (2) authorize that any notification under Fed. R. Crim. P. 41(f)(2)(C) be delayed for a period in excess of 30 days after the termination of the collection authorized by the warrant, pursuant to Fed. R. Crim. P. 41(f)(3) and Title 18, United States Code, Section 3103a(b).

On May 6, 2022, the government applied for a search warrant in this matter, and submitted an application and affidavit in support. The affidavit details the facts

supporting probable cause to believe that evidence concerning violations of Title 21, United States Code, Sections 841(a)(1) and 846 has been and will be found in **Subject Phone 2** and **Subject Phone 3**.

## Request for Section 2705(b) Nondisclosure Order

PROVIDER is a provider of an electronic communication service, as defined in Title 18, United States Code, Section 2510(15), and/or a remote computer service, as defined in Title 18, United States Code, Section 2711(2).

Under Title 18, United States Code, Section 2705(b), if the Court determines that that "there is reason to believe that notification of the existence of the warrant will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation," this Court shall issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant. . . is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

In this case, such an order would be appropriate because the warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. As detailed in the Affidavit supporting the Application, **Subject Phone 2** and **Subject Phone 3** are believed to be used by targets of the investigation including Freddy DEL TORO to communicate regarding narcotics transactions.

2

Accordingly, there is reason to believe that notification of the existence or content of the warrant will cause flight from prosecution, cause the destruction of or tampering with evidence, cause the intimidation of potential witnesses, and otherwise seriously jeopardize the investigation. *See* 18 U.S.C. § 2705(b).

Accordingly, the government respectfully requests that the Court issue an order commanding PROVIDER not to disclose the existence or content of the warrant to any person for a period of 90 days from the date of the Order, until August 4, 2022, or until further order of the Court, except that PROVIDER may disclose the warrant to an attorney for PROVIDER for the purpose of receiving legal advice.

### Request for Delayed Notification

Federal Rule of Criminal Procedure 41(f)(2)(C) requires the officer executing a tracking warrant to serve a copy of the warrant on the person who was tracked or whose property was tracked within 10 days after the use of the tracking device has ended. Out of an abundance of caution, even though the government submits the warrant in this matter is not a tracking warrant, the government is also requesting delayed notification of the Search Warrant.

Pursuant to  Fed. R. Crim. P. 41(f)(3) and 18 U.S.C. § 3103a(b), the Court may authorize the officer executing the warrant to delay notice for a reasonable period not to exceed 30 days after the collection authorized by the warrant has ended, or on a later date certain if the facts of the case justify a longer period of delay, if there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.

3

Pursuant to 18 U.S.C. § 2705(a)(2), an adverse result, includes: "(A) endangering the life or physical safety of an individual; (B) flight from prosecution; (C) destruction of or tampering with evidence; (D) intimidation of potential witnesses; or (E) otherwise seriously jeopardizing an investigation."

As set forth above, there is reasonable cause to believe that notification of the existence or content of the warrant may cause flight from prosecution, cause the destruction of or tampering with evidence, cause the intimidation of potential witnesses, and otherwise seriously jeopardize the investigation.

Accordingly, the government respectfully requests that the Court's Order authorize the government to delay notice of the warrant for a period in excess of 30 days after the termination of the collection authorized by the Search Warrant, pursuant to Fed. R. Crim. P. 41(f)(3) and 18 U.S.C. § 3103a(b)—specifically, until 90 days after the issuance of the Search Warrant, namely, August 4, 2022.

### Request for Sealing

The government will continue its investigation after execution of the Search Warrant, and disclosure of the Search Warrant Materials would jeopardize the investigation by providing the subject of the investigation an opportunity to destroy evidence or flee, and jeopardize the investigation by disclosing the details of facts known to investigators, the identities of witnesses, and the investigative strategy.

Accordingly, the government respectfully requests that the Search Warrant Materials be sealed for 180 days from the date of this Order until November 2, 2022 except as necessary to facilitate the enforcement of criminal law, including the

4

execution of the Search Warrant, to provide notice as required under Fed. R. Crim. P. 41(f)(2), or to assist any federal official receiving the information in the performance of that official's duties.

WHEREFORE, the United States respectfully requests that the Court issue the attached Order commanding PROVIDER not to disclose the existence or content of the Search Warrant to any person for a period of 90 days from the date of the Order, until August 4, 2022, or until further order of the Court, except that PROVIDER may disclose the warrant to an attorney for PROVIDER for the purpose of receiving legal advice.

The United States further requests that the Court's Order authorize the officer executing the warrant to delay notice of the warrant for a period in excess of 30 days after the termination of the collection authorized by the Search Warrant, pursuant to Fed. R. Crim. P. 41(f)(3) and 18 U.S.C. § 3103a(b)—specifically, until 90 days after the issuance of the Search Warrant, namely, August 4, 2022.

The United States further requests that the Court order that this application and any resulting order, and the Search Warrant Materials in this matter be sealed for 180 days from the date of this Order, until November 2, 2022, except as necessary to facilitate the enforcement of criminal law, including the execution of the Search

Warrant, to provide notice as required under Fed. R. Crim. P. 41(f)(2), or to assist any

federal official receiving the information in the performance of that official's duties.

Dated: May 6, 2022                    Respectfully submitted,

                                      JOHN R. LAUSCH, JR.
                                      United States Attorney

                         By:   */s/ Paige A. Nutini*
                               PAIGE A. NUTINI
                               Assistant U.S. Attorney
                               219 S. Dearborn Street, Rm. 500
                               Chicago, Illinois 60604
                               (312) 697-4071